IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAL CHU a/k/a TUO ZHAO §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§ NO. 3-05-CV-0682-BD<br>JILL WATSON, Warden §<br>Rolling Plains Detention Center, §<br>ET AL. §<br>§<br>Respondents. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Tal Chu a/k/a Tuo Zhao, by and through his counsel of record, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application is dismissed as moot.

I.

Petitioner, a native and citizen of China, was placed in immigration proceedings upon entering the United States without a valid visa in 1993. (Resp. App., Exh. 1). His applications for asylum and a withholding of deportation were denied by an immigration judge on June 6, 1996. That same day, petitioner was ordered removed to China. (*Id.*, Exh. 2). The Board of Immigration Appeals affirmed the removal order. *In re Tal Chu a/k/a Tuo Zhao*, No. A72 765 803 (BIA Sept. 26, 1997). Petitioner remained at-large until May 7, 2004, when he was stopped by a Dallas police officer for a traffic violation. A routine background check revealed an outstanding warrant of deportation and failure to appear. (Resp. App., Exh. 4). On June 17, 2004, petitioner was turned

over to immigration authorities where he remained in custody until his release under an order of supervision on May 2, 2005. (*Id.*, Exh. 6).

On April 7, 2005, while still in immigration custody, petitioner filed the instant application for writ of habeas corpus. In two grounds for relief, petitioner challenges his continued detention under section 236(c) of the Immigration and Nationality Act and the due process clause of the Fifth Amendment to the United States Constitution. On July 29, 2005, respondents filed a motion to dismiss this action as moot because petitioner is no longer in custody. Petitioner has not responded to the motion.[1]

II.

A federal court has jurisdiction to issue a writ of habeas corpus only if the person seeking the writ is "in custody." *See* 28 U.S.C. § 2241; *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). The "in custody" determination is made as of the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968). Once federal habeas jurisdiction has attached, "it is not defeated by the release of the petitioner prior to the completion of proceedings on such application." *Carafas*, 88 S.Ct. at 1559-60.

Although petitioner was "in custody" at the time he filed his application for writ of habeas corpus on April 7, 2005, he does not challenge his removal. Instead, petitioner seeks only release from immigration custody pending his removal to China. Because petitioner was released under an order of supervision on May 2, 2005, he has obtained all the relief to which he is entitled. This moots consideration of the habeas petition. *See See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir.

---

[1] The local rules of practice for the Northern District of Texas permit a party to file a response to an opposed motion within 20 days from the date the motion is filed. *See* LCivR 7.1(e). Therefore, petitioner's response was due no later than August 18, 2005.

2002) (release moots habeas petition challenging legality of extended detention); *Alhamdani v. Attorney General of the United States*, 2003 WL 21448784 at *1 (N.D. Tex. Apr. 28, 2003) (same); *Camara v. Comfort*, 235 F.Supp.2d 1174, 1175 (D. Colo. 2002) (same).

## **CONCLUSION**

Respondents' motion to dismiss is granted. Petitioner's application for writ of habeas corpus is dismissed as moot.

SO ORDERED.

DATED:   August 22, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE